UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARBER, an individual, | |
| Plaintiff, | No. 2:24-cv-01913-TLN-AC |
| v. | **ORDER** |
| CITY OF ELK GROVE, a California governmental entity; ELK GROVE POLICE DEPARTMENT, a California governmental entity; CODY NGUYEN; BRYAN GATES; and DOES 1 through 10, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendants City of Elk Grove ("the City"), Elk Grove Police Department ("Police Department"), Cody Nguyen ("Nguyen"), and Bryan Gates's ("Gates") (collectively, "Defendants") Motion to Dismiss. (ECF No. 4.) Plaintiff James Barber ("Plaintiff") opposed the motion. (ECF No. 6.) Defendants replied. (ECF No. 8.) For the reasons set forth below, Defendants' motion is GRANTED.

///
///
///
///

1

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of an alleged altercation between Plaintiff, Nguyen, and Gates during a traffic stop. (ECF No. 1 at 5.) On July 28, 2023, at or near the intersection of Power Inn Road and Calvine Road in Sacramento, Plaintiff was pulling out of the nearby McDonald's when he was suddenly pulled over by Nguyen and Gates, both of whom worked for the Police Department. (*Id.*) When Plaintiff inquired about the reason for the stop, Nguyen said Plaintiff did not have a front license plate. (*Id.*) Plaintiff explained he had recently purchased the vehicle and provided proof of purchase. (*Id.*) Nguyen returned to his patrol vehicle and learned Plaintiff's license was suspended. (*Id.*) Nguyen then approached Plaintiff's vehicle and asked Plaintiff to exit the vehicle. (*Id.*) Plaintiff asked if he was being detained, but Nguyen initially did not respond. (*Id.*) After refusing to exit his vehicle, Plaintiff asked again, and Nguyen confirmed he was being detained for driving on a suspended license. (*Id.*) Plaintiff asked if Nguyen had the right to detain him, and Nguyen responded in the affirmative. (*Id.*) Plaintiff alleges he was afraid for his safety, so he asked if he could record the event, but by then Nguyen had already opened the driver's door and started unbuckling Plaintiff's seatbelt. (*Id.*) Plaintiff further alleges Gates and Nguyen then attempted to physically remove Plaintiff from his vehicle, ultimately forcing him to the ground, while Gates punched Plaintiff repeatedly in the face. (*Id.*)

On May 22, 2024, Plaintiff filed the operative Complaint in Sacramento County Superior Court against Defendants. (*Id.* at 4–17.) The Complaint alleges the following claims: (1) unlawful detention in violation of 42 U.S.C. § 1983; (2) arrest without probable cause in violation of 42 U.S.C. § 1983; (3) false imprisonment in violation of 42 U.S.C. § 1983; (4) malicious prosecution in violation of 42 U.S.C. § 1983; (5) intentional infliction of emotional distress; (6) negligence; (7) failure to properly screen and hire; (8) failure to supervise and discipline; (9) failure to properly train; (10) *Monell* liability for a pattern of false arrest; (11) violation of California Civil Code § 52.1; and (12) permanent injunction and other equitable relief. (*Id.*) Plaintiff's first, second, third, fourth, and fifth claims are alleged against Nguyen and Gates. (*Id.* at 8–16.) Plaintiff's sixth, eleventh, and twelfth claims are alleged against all Defendants. (*Id.*) Plaintiff's seventh, eighth, and tenth claims are alleged against the City and Police Department.

1  (*Id.*)  Plaintiff's ninth claim is alleged against the City.  (*Id.*)

2  On July 12, 2024, Defendants removed the action to this Court based on federal question jurisdiction.  (*Id*. at 1–2.)  On September 5, 2024, Defendants filed the instant motion to dismiss.  (ECF No. 4.)

**II.    STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

1  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."
2  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
3  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  ANALYSIS

Defendants move to dismiss Claims One through Four, Six, Seven through, Ten, Eleven, and Twelve.  (ECF No. 4-1 at 3–10.)  The Court will address each argument in turn.

#### A.  Claims One through Four

Defendants argue Plaintiff's claims for unlawful stop and detention (Claim One), false arrest (Claim Two), false imprisonment (Claim Three), and malicious prosecution (Claim Four) hinge on the absence of probable cause for Plaintiff's detention and arrest on July 28, 2023.  (ECF No. 4-1 at 4.)  Defendants contend these claims should be dismissed because the Complaint establishes the officers had reasonable suspicion and probable cause.  (*Id.*)  Specifically, Defendants note the Complaint alleges Plaintiff was pulled over for not having a front license plate, driving on a suspended license, and refused to exit his vehicle, in violation of California Vehicle Code §§ 5200(a), 14601.1(a) and California Penal Code § 148(a)(1), respectively.  (*Id.*)

In opposition, Plaintiff argues Nguyen and Gates may have lacked reasonable suspicion for the stop because it is unclear whether they could see the front of Plaintiff's vehicle.  (ECF No. 6 at 5.)  Plaintiff further argues Defendants misinterpreted his refusal to exit the vehicle as probable cause for arrest, alleging he hesitated to leave because he was asking about whether he could be detained for a suspended license and preparing to record the interaction.  (*Id.* at 6–7.)  Plaintiff thus contends there is more than one interpretation as to whether he actually refused to exit his vehicle, such that there is a question of fact as to whether there was probable cause for a violation of California Penal Code § 148(a)(1).  (*Id.*)

In reply, Defendants note Plaintiff's Complaint does not allege the officers could not see the front of Plaintiff's vehicle and therefore could not have known there was no front license plate when they pulled him over.  (ECF No. 8 at 3.)  Defendants further note the Complaint contains no well-pleaded facts to support the plausibility of this assertion.  (*Id.*)  In the alternative, Defendants contend Plaintiff challenges only the probable cause for the stop but concedes probable cause for

1  the arrest because officers were aware of the missing license plate and suspended license at the
2  time of arrest.  (*Id*. at 4.)

3  Indeed, claims for unlawful stop and detention will be upheld only if there is no
4  reasonable suspicion.  *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir.
5  2000) ("[A]n investigatory stop by the police may be made only if the officer in question has a
6  reasonable suspicion supported by articulable facts that criminal activity may be afoot[.]"
7  (internal quotations and citation omitted)); *United States v. Bravo*, 295 F.3d 1002, 1009 (9th Cir.
8  2002) ("At issue here is whether a 'detention,' which does *not* require probable cause, evolved
9  into an 'arrest,' which *must* be supported by probable cause." (emphasis in original)).  Similarly,
10  claims for false arrest, false imprisonment, and malicious prosecution will be upheld only if there
11  is no probable cause.  *See United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001) (noting that
12  if a detention proceeds beyond "a brief stop, interrogation, and, under proper circumstances, a
13  brief check for weapons," and an arrest occurs, probable cause is required); *Cabrera v. City of
14  Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his § 1983 claim for false
15  arrest and false imprisonment, [plaintiff] would have to demonstrate that there was no probable
16  cause to arrest him."); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (noting
17  that for a plaintiff to prevail on a malicious prosecution claim, plaintiff must show defendants
18  prosecuted her without probable cause).

19  Probable cause is satisfied when, at the moment of the seizure, the facts and circumstances
20  within the officers' knowledge are sufficient to warrant a prudent person to believe that the
21  suspect had committed or was committing an offense.  *Beck v. State of Ohio*, 379 U.S. 89, 91
22  (1964).  Alternatively, the Ninth Circuit has defined probable cause as when "under the totality of
23  circumstances known to arresting officers, a prudent person would have concluded that there was
24  fair probability that [the defendant] had committed a crime."  *United States v. Lopez*, 482 F.3d
25  1067, 1072 (9th Cir. 2007).  While conclusive evidence of guilt is not necessary under this
26  standard to establish probable cause, "[m]ere suspicion, common rumor, or even strong reason to
27  suspect are not enough."  *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) (citing *Henry
28  v. United States*, 361 U.S. 98, 101, (1959)).  "Probable cause is lacking if the circumstances relied

6

on are susceptible to a variety of credible interpretations not necessarily compatible with nefarious activities." *Gasho v. United States*, 39 F.3d 1420, 1432 (9th Cir. 1994) (citations omitted).

The reasonable suspicion standard "is a less demanding standard than probable cause," and only requires "a minimal level of objective justification." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 (2000); *see also Gallegos*, 308 F.3d at 990 (holding the same); *Hayes v. Florida*, 470 U.S. 811, 816 (1985) ("[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information"). A court must consider the totality of the circumstances when determining whether reasonable suspicion exists. *See United States v. Drake*, 543 F.3d 1080, 1088 (9th Cir. 2008); *United States v. Osborn*, 203 F.3d 1176, 1181 (9th Cir. 2000).

Here, with respect to the initial stop and detention, Plaintiff alleges he was pulling out of McDonald's when he was suddenly pulled over by Nguyen and Gates. (ECF No. 1 at 5.) Plaintiff further alleges Nguyen never asked for a license or registration, but when Plaintiff asked why he was pulled over, Nguyen responded that Plaintiff had no front license plate. (*Id*.) In response, Plaintiff alleges he explained to Nguyen he recently purchased the vehicle and provided proof of purchase. (*Id.*) The Court finds Plaintiff's allegations strongly imply that he lacked a front license plate, even though it is not explicitly stated in the Complaint. Additionally, even though Plaintiff argues in his opposition that "from the vantage point where Nguyen and Gates were situated, there is a question of fact as to whether or not Nguyen and Gates were even able to see [Plaintiff's] front plate" (ECF No. 6 at 5), these allegations are not included in the Complaint. Plaintiff does not allege Nguyen and Gates were in a physical location such that they could not have seen the front of Plaintiff's vehicle and known there was no front license plate prior to the stop. The Court therefore agrees with Defendants that Plaintiff admits the officers had both reasonable suspicion (for a violation of California Vehicle Code § 5200(a)) for the initial stop and detention. (ECF No. 4-1 at 4.) Accordingly, Defendants' motion to dismiss Claim One (unlawful stop and detention) is GRANTED with leave to amend.

7

With respect to the arrest, Defendants proffer two bases for probable cause — a violation of California Vehicle Code § 14601.1(a) (driving on a suspended or revoked license) and a violation of California Penal Code § 148(a)(1) (willfully resisting, delaying, or obstructing a peace officer). (ECF No. 4-1 at 4.) First, with respect to a violation of California Vehicle Code § 14601.1(a), Plaintiff does not respond in its opposition. (*See* ECF No. 6.) Therefore, there is insufficient argument developed by the parties for the Court to determine whether Plaintiff's allegations with respect to driving on a suspended license are sufficient to establish probable cause for the arrest. Second, with respect to a violation of California Penal Code § 148(a)(1), the parties dispute whether there was probable cause based on the facts surrounding Plaintiff's refusal to exit the vehicle. (ECF No. 4-1 at 4; ECF No. 6 at 6–7.) Plaintiff alleges Nguyen discovered Plaintiff's license was suspended and asked him to exit the vehicle. (ECF No. 1 at 5.) Plaintiff allegedly asked if he was being detained, but Nguyen did not initially respond. (*Id*.) Plaintiff alleges that after he refused to exit, he repeated his question, and Nguyen confirmed Plaintiff was being detained for driving on a suspended license. (*Id*.) Plaintiff — allegedly fearing for his safety — indicated he would record the event, but Nguyen had already opened the driver's door and begun unbuckling Plaintiff's seatbelt. (*Id*.) Giving Plaintiff the benefit of every reasonable inference to be drawn from the allegations in his Complaint, *Schermerhorn*, 373 U.S. at 753 n.6, the Court finds Plaintiff establishes a question of fact as to whether there was probable cause to arrest him based on a violation of California Penal Code § 148(a)(1). Accordingly, Defendants' motion to dismiss Claims Two (false arrest), Three (false imprisonment), and Four (malicious prosecution) is DENIED.[1]

---

[1] To the extent that Plaintiff decides to file an amended complaint and Defendant decides to file another responsive pleading, the Court cautions the parties to examine California Vehicle Code § 14601.1(a) and its requirements closely.

Additionally, in the alternative, Defendants argue Claim Four should be dismissed because Plaintiff has not alleged termination of proceedings in his favor and Defendants are protected by the presumption of prosecutorial independence. (ECF No. 4-1 at 4–5.) However, because the Court concludes Plaintiff has failed to allege sufficient facts to state a claim with respect to malicious prosecution (namely, probable cause), the Court need not address these arguments.

B.      Claim Six

Defendants contend Plaintiff must plead a statutory duty or statutory basis for liability to hold the City liable for negligence.  (*See* ECF No. 4-1 at 6 (citing *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 795 (1985)).)  Plaintiff does not address this argument in his opposition. (*See* ECF No. 6.)  Consequently, Plaintiff concedes this argument.  *See Crandall v. Teamsters Loc. No. 150*, No. 2:23-CV-03043-KJM-CSK, 2024 WL 3889916, at *5 (E.D. Cal. Aug. 20, 2024) (finding plaintiff abandoned claims not raised in opposition to defendants' motion to dismiss).  Therefore, Defendants' motion to dismiss Claim Six against the City is GRANTED without leave to amend.

C.      Claims Seven through Nine

Defendants contend Plaintiff fails to state a *Monell* claim for failure to properly screen and hire (Claim Seven), failure to supervise and discipline (Claim Eight), and failure to properly train (Claim Nine) because he does not allege any past incidents where an individual's constitutional rights were violated in a manner similar to Plaintiff's allegations.  (ECF No. 4-1 at 7, 9.) Moreover, Defendants assert the Complaint lacks allegations regarding any similar past incidents involving the use of excessive force by individual Defendants or any other City employee, the County's hiring practices, or individual Defendants' backgrounds sufficient to demonstrate the City's deliberate indifference to the potential for Plaintiff's rights to be violated.  (*Id.*)

In opposition, Plaintiff argues allegations of past similar incidents are not required at the pleading stage to state claims for failure to properly screen, supervise and discipline, and adequately train.  (ECF No. 6 at 9.)  Plaintiff contends he met the pleading requirements by alleging the deprivation of a constitutional right, the existence of a municipal policy, the policy reflects deliberate indifference to his rights, and the policy was the moving force behind the constitutional violation.  (*Id*. at 9–10.)

A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent.  *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978).  However, a municipal entity can be liable in a § 1983 case premised on: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure

9

of the local government entity"; (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Additionally, a *Monell* claim "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Where the plaintiff seeks to establish a *Monell* claim based on a longstanding custom, he must prove that: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a longstanding custom which amounted to a policy; (3) the custom amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the custom is the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Trevino*, 99 F.3d at 918 (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id*. In rare instances, however, a plaintiff may rely on "single-incident" liability, which is when "unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick v. Thompson*, 563 U.S. 51, 64 (2011).

Here, Plaintiff's Complaint alleges the City and Police Department's failure to properly screen and hire, supervise and discipline, and train its officers — as a matter of custom, practice, and policy — was done with deliberate indifference to Plaintiff's constitutional rights, causing harm to Plaintiff and others similarly situated. (*See* ECF No. 1 ¶¶ 53–57, 60–65, 69–72.) However, Plaintiff failed to provide any factual support for these allegations, and only alleges in a

10

conclusory fashion the elements of the claim for Claims Seven through Nine. (*See id.*) Conclusory *Monell* pleadings, without factual detail, are insufficient to survive a motion to dismiss. *See AE ex rel. Hernandez*, 666 F.3d at 637 (holding to survive a motion to dismiss, a plaintiff must do more than allege a *Monell* defendant "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint). Plaintiff does not allege prior incidents of excessive force involving Nguyen, Gates, or other City employees, nor does he identify specific City policies or customs that caused the alleged harm. (*See* ECF No. 1.) Plaintiff also does not allege a single incident was "so patently obvious" the City could be liable "without proof of a pre-existing pattern of violations." *Connick*, 563 U.S. at 64. Consequently, the Court concurs with Defendants' assertion that Plaintiff's allegations are merely a formulaic recitation of claim elements. (ECF No. 4-1 at 9.) As such, Plaintiff's Complaint fails to state a sufficient basis for *Monell* claims for failure to screen and hire, supervise and discipline, or train. Accordingly, the Court GRANTS Defendants' motion to dismiss Claims Seven through Nine with leave to amend, as Plaintiff may cure the deficiencies by alleging a specific past incident or relevant policies or customs.

          D.     <u>Claim Ten</u>

Defendants argue Plaintiff fails to state a *Monell* claim for excessive force (Claim Ten) because he does not allege an official policy or prior similar incidents. (ECF No. 4-1 at 9.) Defendants contend Plaintiff's claim relies on an alleged unofficial custom, but notes Plaintiff has not provided sufficient allegations of past excessive force incidents to establish such a custom. (*Id.* at 9–10.) In response, Plaintiff asserts he has alleged the existence of policies based on the actions of Nguyen and Gates as well as a causal link between these policies and the harm suffered. (ECF No. 6 at 10.) Plaintiff further argues he has provided all available information he is aware of to support his claims of widespread policies, despite lacking access to Defendants' internal communications. (*Id.*) In reply, Defendants assert that Plaintiff's reliance on the conduct of Nguyen and Gates, without pleading evidence of similar past incidents or any other facts, cannot establish the existence of a policy that caused the violation of his rights. (ECF No. 8 at 5.)

///

"Absent a formal government policy, [a plaintiff] must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity . . . so persistent and widespread that it constitutes a permanent and well settled . . . policy." *Trevino*, 99 F.3d at 918. Furthermore, an isolated incident cannot be used to infer the existence of an improper policy. *Id*.

Plaintiff alleges the Defendants were deliberately indifferent to widespread misconduct of its officers in detaining citizens who had committed no crimes and in the application of unnecessary and excessive use of force, Nguyen and Gates were acting pursuant to City policy, and their conduct violated Plaintiff's constitutional rights. (ECF No. 1 ¶¶ 76–80.) However, Plaintiff fails to specify which policy the officers were following. (*See id*.) The Court finds Plaintiff's assertion that he has alleged the existence of a policy through Nguyen and Gates's conduct and its link to the harm suffered insufficient. (ECF No. 6 at 10.) Because Plaintiff does not rely on a formal policy but rather on the officers' conduct, he must demonstrate a longstanding, widespread custom of excessive force. *See Trevino*, 99 F.3d at 918. Plaintiff's Complaint does not allege facts suggesting such a custom, nor does it reference any prior incidents of excessive force involving Nguyen, Gates, or other City employees. (*See* ECF No. 1.) Although Plaintiff alleges officers used excessive force by physically removing him from his vehicle, forcing him to the ground, and repeatedly punching him in the face, an isolated incident cannot support the inference of an improper policy. (*See* ECF No. 1 at 5, 12 ¶¶ 86–87); *see also Trevino*, 99 F.3d at 918. Since Plaintiff has not alleged sufficient facts to establish a longstanding, widespread practice or custom of excessive force, Defendants' motion to dismiss Claim Ten is GRANTED with leave to amend.

### E.   Claim Eleven

Defendants move to dismiss Plaintiff's eleventh claim against the City, arguing that California Civil Code § 52.1 (the "Bane Act") does not on its face provide any claim against a public entity and no statutory exception to public entity immunity under California Government Code § 815 ("the Government Claims Act") exists for Bane Act claims. (ECF No. 4-1 at 10 (citing *Towery v. State of California*, 14 Cal. App. 5th 226, 231–32 (2017), as modified (Aug. 14,

1  2017)). In opposition, Plaintiff argues the Bane Act authorizes liability against municipal

2  defendants. (ECF No. 6 at 11.) Plaintiff asserts he has sufficiently alleged a violation based on

3  the unconstitutional application of excessive force, in which Nguyen and Gates unreasonably and

4  without provocation forced him to the ground from his car, beat, wrestled, and pinned him to the

5  ground, where Gates continuously assaulted him in the face while Nguyen held him down. (*Id*. at

6  13.) Plaintiff further argues Defendants' reliance on *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal.

7  4th 925, 932 (1998), and *Towery* is inapposite to this matter. (*Id*. at 11–12.)

8  In reply, Defendants argue *Towery* clarifies that "nothing in the language of the Bane Act

9  indicates it creates even a general rule of actionable duty for public entities." (ECF No. 8 at 5

10  (citing *Towery*, 14 Cal. App. 5th at 231–32).) Defendants also note that if Plaintiff intends to

11  hold the City vicariously liable for the acts of its employees, that statutory basis must be pleaded

12  with particularity. (*Id.* at 6.)

13  The California Government Claims Act provides: "Except as otherwise provided by

14  statute[,] [a] public entity is not liable for an injury, whether such injury arises out of an act or

15  omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815.

16  "California courts have interpreted § 815 to require a specific statutory basis for either direct or

17  indirect claims against a public entity." *Johnson v. Sacramento County*, No. Civ. S-06-0169-

18  RRB-GGH, 2007 WL 2391015, at *3 (E.D. Cal. Aug. 22, 2007) (internal citations omitted). "As

19  to vicarious liability, [§] 815.2(a) of the California Government Code 'expressly makes the

20  doctrine of *respondeat superior* applicable to public employers.'" *Mullins v. County of Fresno*,

21  No. 1:21-cv-00405-AWI-SAB, 2021 WL 5304015, at *7 (E.D. Cal. Nov. 15, 2021) (citing *Hoff*,

22  19 Cal. 4th at 932). Plaintiffs "must plead the statutory basis for a claim against a government

23  entity," and "[f]ailure to do so provides a ground for dismissal under Rule 12(b)(6)." *Id.* (citing

24  cases).

25  The Bane Act "provides a damage claim for any 'individual whose exercise or enjoyment

26  of rights secured by the Constitution or laws of the United States, or of rights secured by the

27  Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as

28  described in subdivision (a)." *Towery*, 14 Cal. App. 5th at 233 (citing Cal. Civil Code § 52.1(b)).

1  Civil Code § 52.1(a) applies "'[i]f a *person or persons*, whether or not acting under color of law,
2  interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation or
3  coercion, with the exercise or enjoyment by any individual or individuals' of constitutional
4  rights." *Id*. (emphasis in original). Although the section does not define "person," California
5  Civil Code § 14 provides that, as used in that code, "the word person includes a corporation as
6  well as a natural person." *Id*.

7  Here, Plaintiff alleges "Defendants interfered with Plaintiff's rights under the Fourth
8  Amendment of the United States Constitution . . . by the use of force" and the "interference with
9  Plaintiff's rights was perpetrated by Defendants in violation of California Civil Code § 52.1[.]"
10 (ECF No. 1 ¶¶ 86– 87.) While Plaintiff argues the Bane Act authorizes liability against a
11 municipal defendant because the statute states, "whether or not acting under the color of law"
12 (ECF No. 6 at 11), Plaintiff ignores the Bane Act also states "person" or "persons" — meaning it
13 does not apply directly to public entities. *See Valadez v. Cnty. of Los Angeles*, No. 2:20-CV-
14 03724-JWH-SKX, 2020 WL 11271959, at *6 (C.D. Cal. Dec. 30, 2020) ("[T]he language of the
15 Bane Act only applies to a 'person' or 'persons,' and, thus, it does not apply to a public entity.")
16 Therefore, the Court finds the Bane Act does not authorize direct liability against the City.[2]

17 Further, the Court finds Plaintiff's discussion of *Hoff* and *Towery* unpersuasive. (*See* ECF
18 No. 6 at 11–13.) As the Court has already found the Bane Act does not provide a private cause of
19 action against public entities, Plaintiff's argument regarding *Hoff* on this point is moot. The
20 Court finds several issues with Plaintiff's interpretation and application of *Towery*. First, the fact

---

[2] As an additional note, the Court agrees with both Plaintiff and Defendants that *Towery* establishes public entities may be vicariously liable for their employees. (ECF No. 6 at 12; ECF No. 8 at 5.) However, unlike other cases involving vicarious liability claims against public entities, Plaintiff does not explicitly allege vicarious liability against the City. (*See* ECF No. 1); *see also Page v. County of Madera*, No. 1:17-CV-00849-DAD-EPG, 2017 WL 5998227, at *5 (E.D. Cal. Dec. 4, 2017) ("Plaintiff alleges that the public entity defendants are vicariously liable for the acts of its employees pursuant to Cal. Gov't Code § 815.2."). Instead, Plaintiff appears to allege only direct liability because Plaintiff alleges his rights were "perpetrated *by the Defendants*" and initially argued the Bane Act provided a private cause of action against public entities. (ECF No. 1 ¶ 87 (emphasis added); ECF No. 6 at 11.) Because Plaintiff does not allege vicarious liability, any direct liability claim against the City must rely on a distinct statutory basis, as the Bane Act does not provide a legal foundation for liability against the City and public entities are not liable for injuries unless provided by statute. *Hoff*, 19 Cal. 4th at 932.

that the instant matter does not involve California Government Code § 844.6 or inmate injuries is irrelevant. Defendants are correct that *Towery* clarifies "nothing in the language of the Bane Act indicates that it creates even a general rule of actionable duty for public entities." (ECF No. 8 at 5 (citing *Towery*, 14 Cal. App. 5th at 231–32).) Moreover, even if the Court were to find *Towery* applicable, other courts have held the Bane Act does not provide a valid statutory basis for imposing direct liability on public entities, further confirming the Bane Act does not override the immunity granted to public entities under § 815. *See Valadez*, 2020 WL 11271959, at *6. Finally, the Court finds Plaintiff's discussion of "specific immunity" and "general immunity" unpersuasive, as the *Towery* court does not mention "general immunity" at all. (ECF No. 6 at 12); *see Towery*, 14 Cal. App. 5th 226. While *Towery* explains specific immunity cannot be overridden by a statute imposing a general duty, it does not support Plaintiff's argument that Defendants' failure to cite a specific immunity, like § 844, means the Bane Act applies to the City. (ECF No. 6 at 12–13); *Towery*, 14 Cal. App. 5th at 233. On the contrary, the *Towery* court held the Bane Act does not provide an exception to immunity under the plain language of §§ 815 and 844.6. *Towery*, 14 Cal. App. 5th at 233. Therefore, just as § 844 grants immunity to public entities, § 815 similarly provides immunity for public entities against Bane Act claims.

In sum, Defendants' reliance on § 815 is sufficient to support their motion, as the Bane Act does not provide a statutory basis for holding public entities, such as the City, directly liable. (*See* ECF No. 4-1 at 10.) Accordingly, Defendants' motion to dismiss Claim Eleven as to the City is GRANTED. However, since Plaintiff may amend the Complaint to allege vicarious liability for Nguyen and Gates's conduct, dismissal is with leave to amend.

        F.      <u>Claim Twelve</u>

Defendants argue that Claim Twelve (injunctive relief) should be dismissed because injunctive relief is a remedy, not a cause of action. (*See* ECF No. 4-1 at 10.) In opposition, Plaintiff contends the Court should treat Claim Twelve as a request for equitable relief, as California Civil Code § 52.1 provides a private right to injunctive relief. (ECF No. 6 at 14.) Plaintiff additionally argues that striking the request based on the Complaint's inartful presentation would unjustly deprive him of a statutory remedy. (*Id.*)

"A request for injunctive relief by itself does not state a cause of action[.]" *Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010). "Declaratory and injunctive relief are not independent claims, rather they are forms of relief." *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010). "A pleading can request injunctive relief in connection with a substantive claim, but a separately [pleaded] claim or cause of action for injunctive relief is inappropriate." *Jensen*, 702 F. Supp. 2d at 1201; *see also Gardner v. Nationstar Mortg. LLC*, No. 2:14-CV-1583-TLN-CKD, 2015 WL 1405539, at *12 (E.D. Cal. Mar. 26, 2015) (dismissing the plaintiff's claim for declaratory and injunctive relief on the basis that declaratory and injunctive relief are forms of relief, not independent claims).

Here, Plaintiff alleges "unless enjoined, Defendants will continue to engage in the unlaw act and . . . policies and practices described above[.]" (ECF No. 1 at 16 ¶ 95.) Based on these allegations, Plaintiff seeks injunctive or equitable relief, implicitly acknowledging this request by asking the Court to treat Claim Twelve as a request for equitable relief. (*See* ECF No. 6 at 14.) Therefore, Plaintiff's claim for injunctive relief is similarly dismissed.

Accordingly, Defendants' motion to dismiss Claim Twelve is GRANTED. If Plaintiff prevails on any other cause of action, and declaratory or injunctive relief are the appropriate remedy, then those forms of relief remain available, just as economic damages are available. Plaintiff should clarify in any future filing whether there is a basis for separate causes of action for injunctive relief. Therefore, dismissal is without leave to amend.

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendants' motion to dismiss (ECF No. 4) as follows:

1. Defendants' motion is GRANTED as to Claim One with leave to amend;
2. Defendants' motion is DENIED as to Claims Two through Four;
3. Defendants' motion is GRANTED as to Claim Six against the City without leave to amend;
4. Defendants' motion is GRANTED as to Claims Seven through Nine with leave to amend;

5. Defendants' motion is GRANTED as to Claim Ten with leave to amend;

6. Defendants' motion is GRANTED as to Claim Eleven with leave to amend; and

7. Defendants' motion is GRANTED as to Claim Twelve without leave to amend.

Plaintiff may file an amended complaint not later than thirty (30) days from the date of electronic filing of this Order. Defendants' responsive pleading is due twenty-one (21) days after Plaintiff files an amended complaint.

IT IS SO ORDERED.

Date: March 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE