**BARICA LAW, P.C.**
STEVEN D. BARIC (SBN 200066)
3636 Birch Street, Suite 270
Newport Beach, CA 92660
Tel:   (833) 4627-2022
sbaric@bariclaw.com
info@bariclaw.com

Attorneys for Plaintiff,
JAMES BARBER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| JAMES BARBER, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF ELK GROVE, a California governmental entity; ELK GROVE POLICE DEPARTMENT, a California governmental entity; CODY NGUYEN; BRYAN GATES; and DOES 1 through 10, inclusive,<br><br>  Defendants. | CASE NO.: 2:24-CV-01913-TLN-AC<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF:**<br>1. **UNLAWFUL DETENTION (42 USC § 1983)**<br>2. **ARREST WITHOUT PROBABLE CAUSE (42 USC § 1983)**<br>3. **FALSE IMPRISONMENT (42 USC § 1983)**<br>4. **MALICIOUS PROSECUTION (42 USC § 1983)**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>6. **FAILURE TO PROPERLY SCREEN AND HIRE**<br>7. **FAILURE TO SUPERVISE AND DISCIPLINE**<br>8. **FAILURE TO PROPERLY TRAIN**<br>9. **VIOLATION OF CALIFORNIA CIVIL CODE §52.1**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW Plaintiff, JAMES BARBER, hereby complains and alleges against Defendants CITY OF ELK GROVE; ELK GROVE POLICE DEPARTMENT; OFFICER CODY

NGUYEN; OFFICER BRYAN GATES; and DOES 1 through 10, inclusive,, and each of them as follows:

## **INTRODUCTION**

On July 28, 2023, at/near the intersection of Power Inn Road and Calvine Road, in the city of Sacramento, Plaintiff JAMES BARBER (hereinafter "PLAINTIFF") was pulling out of the nearby McDonald's, when suddenly, PLAINTIFF was pulled over by Defendants CODY NGUYEN (hereinafter "NGUYEN") and BRYAN GATES (hereinafter "GATES") of the ELK GROVE POLICE DEPARTMENT. When NGUYEN pulled PLAINTIFF over, he never asked for a license or registration. When the individual asked for the reason for being pulled over, NGUYEN responded that PLAINTIFF had no front license plate. PLAINTIFF explained to NGUYEN that he had just purchased the vehicle and provided with proof of purchase. NGUYEN returned to his patrol vehicle when he discovered that PLAINTIFF had a suspended license. NGUYEN then approached PLAINTIFF's vehicle and asked him to exit his vehicle, after which PLAINTFF asked if he was being detained; NGUYEN did not initially provide with a response. After refusing to exit his vehicle, PLAINTIFF again asked if he was being detained, at which point NGUYEN responded in the affirmative. NGUYEN then added that PLAINTIFF was being detained for driving on a suspended license. In his confusion, PLAINTIFF asked NGUYEN if he had the right to detain him for that, to which NGUYEN again replied in the affirmative. At that point in time, PLAINTIFF, in fear of his safety, stated he would proceed with recording the event. NGUYEN by then had already opened the driver's door and proceeded by unbuckling PLAINTIFF's seatbelt. GATES then approached the PLAINTIFF and with the aid of NGUYEN attempted to physically remove PLAINTIFF from his vehicle. PLAINTIFF was then forced onto the ground by both NGUYEN and GATES, when GATES began to punch PLAINTIFF repeatedly on his face. Nothing was done to intervene or prevent GATES from repeatedly assaulting the PLAINTIFF. Following PLAINTIFF's detainment, back up officers were dispatched to the scene. The incident was captured by Defendant ELK GROVE POLICE DEPARTMENT.

//

//

## PARTIES AND JURISDICTION

1. Plaintiff, JAMES BARBER is an adult residing in the county of Sacramento, State of California.

2. Plaintiff is informed and believes and thereon alleges that the ELK GROVE POLICE DEPARMENT and officers CODY NGUYEN and BRYAN GATES were acting under apparent authority, vicarious liability, and/or *respondent superior,* and/or in conspiracy with the CITY OF ELK GROVE.

3. Plaintiff is informed and believes and thereon alleges that Defendant NGUYEN was a resident in the county of Sacramento, State of California, and was employed at the time of the incident herein by the Defendant CITY OF ELK GROVE.

4. Plaintiff is informed and believes and thereon alleges that Defendant GATES was a resident in the county of Sacramento, State of California, and was employed at the time of the incident herein by the Defendant CITY OF ELK GROVE.

5. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 10, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

6. The wrongful acts by NGUYEN and GATES occurred in the County of Sacramento.

## TIMELY COMPLAINCE
## WITH THE GOVERNMENT CLAIM'S CODE OF REQUIREMENTS

7. PLAINTIFF has complied with the requirements of the Sections 900 through 915.4 of the Government Code (the claims statutes).

8. On January 10, 2024, within six (6) months of the date of discovery of incident that gives rise to this lawsuit, PLAINTIFF timely and properly served a Governmental Tort Claim Notice upon Defendant CITY OF ELK GROVE presenting all facts and claims then known and/or reasonably known to the PLAINTIFF concerning the event referenced herein.

9. On February 23, 2024, PLAINTIFF received a written notice from the CITY OF ELK GROVE rejecting the claims presented. This action is timely, as it is within six (6) months of such rejection.

10. This action is timely commenced within six (6) months of such rejections.

11. To the extent applicable, all other governmental and/or quasi-governmental entities that were served with Claims; if any, also rejected claims presented to them and such entities additionally advised that they had absolutely no involvement in the area where the accident occurred. As such, PLAINTIFF does not explicitly name such other governmental entities (as Plaintiff is genuinely ignorant of facts showing liability towards such other governmental Defendants), but PLAINTIFF reserves the right to include the name of such entities as DOE defendants if it is later shown through discovery that said entities were in fact involved and responsible. At such time, the filing of the present lawsuit shall protect the statute of limitations and will cause any subsequent DOE amendments to relate back to the original filing date for the

## FACTUAL ALLEGATIONS

12. On July 28, 2023, PLAINTIFF had driven to the McDonald's located at: 8220 Calvine Rd, Sacramento, CA 95828.

13. Upon departure of the forementioned location, PLAINTIFF is initially pulled over by ELK GROVE POLICE DEPARTMENT officers CODY NGUYEN and BRYAN GATES for failure to attach a license plate.

14. PLAINTIFF is detained after NGUYEN and GATES determine that PLAINTIFF's license is suspended.

15. NGUYEN and GATES forced themselves into PLAINTIFF's vehicle and used excessive force to attack and detain PLAINTIFF.

16. The ELK GROVE CITY POLICE DEPARTMENT failed to consider PLAINTIFF's statements, wherein the ELK CITY POLICE DEPARTMENT should have found and revealed that PLAINTIFF was intimidated and was not initially provided with an explanation for his detention, as was within his right to know. Officers NGUYEN and GATES instead used excessive and repeated force, causing bodily harm to PLAINTIFF, whereby proving that there was overwhelming evidence

to conclude that NGUYEN and GATES committed crimes upon PLAINTIFF to which authorities should have been prosecuted.

17. The detention and arrest by ELK GROVE POLICE DEPARTMENT was unreasonable and not justified.

18. The Government Tort Claims have been presented to the Government entities and the 45 days has lapsed and/or a rejection has been received.

## FIRST CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C.§1983) Unlawful Stop and Detention against Defendants: Nguyen, Gates and DOES 1-10 Inclusive)

19. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

20. This detention constituted an investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968), but lacked the required reasonable suspicion. Defendants, acting under color of law, unlawfully detained Plaintiff without reasonable suspicion or legal justification in violation of the Fourth Amendment to the United States Constitution.

21. At the time of the stop, Plaintiff had not yet passed in front of Defendants' patrol vehicle; from their vantage point behind him, Defendants could not have observed any lack of a front license plate. Plaintiff had just exited the McDonald's parking lot when Defendant NGUYEN made a sudden U-turn and pursued Plaintiff without any observed traffic violation.

22. The time between Plaintiff exiting the parking lot and the stop was less than 30 seconds, and Plaintiff had not committed any traffic violation observable from behind. Plaintiff was traveling within the speed limit and using proper signals. No objective evidence justified a stop at the moment it occurred.

23. The detention was extended beyond the initial purpose of the stop, despite Plaintiff's full cooperation and lack of any threatening behavior. Plaintiff's questions regarding the legality of the stop were met with escalation rather than clarification.

24. Plaintiff is informed and believes that video evidence, including Plaintiff's own recording and any body-worn camera footage maintained by Defendants, corroborates his peaceful conduct and the lack of legal basis for extending the detention. Despite this, officers escalated force and extended the stop without cause.

25. The stop and detention lacked a legitimate investigatory purpose and were instead based on pretextual, retaliatory, or profiling-based motivations. It has been clearly established by the U.S. Supreme Court and Ninth Circuit that a traffic stop must be supported by reasonable suspicion and may not be prolonged without independent justification. Defendants violated this clearly established law as articulated in *Rodriguez v. United States*, 575 U.S. 348 (2015), and *United States v. Evans*, 786 F.3d 779 (9th Cir. 2015).

26. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, deprivation of liberty, and violation of his civil rights. Plaintiff suffered lacerations to the face, required medical attention, experienced prolonged emotional trauma, including anxiety and fear of law enforcement, and incurred economic losses due to missed work and legal expenses resulting from the unlawful stop and ensuing prosecution.

27. Defendants' actions were intentional, reckless, and done with deliberate indifference to Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages pursuant to 42 U.S.C. §1983.

//

## SECOND CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C.§1983) False Arrest against Defendants: Nguyen, Gates and DOES 1-10 Inclusive)**

28. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

29. Defendants, acting under color of law, intentionally arrested Plaintiff without a valid warrant, and without probable cause to believe he had committed any crime, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

30 At the time of Plaintiff's arrest, he had not resisted or obstructed officers, nor had he committed any offense that would justify arrest. The cited offense—California Penal Code §148(a)(1)—was baseless and unsupported by any objectively reasonable facts.

31. California Penal Code §148(a)(1) requires willful resistance, delay, or obstruction of an officer engaged in the lawful performance of duties. Plaintiff did not physically resist, delay, obstruct, or interfere. Asking whether he was being detained and verbally asserting his rights are constitutionally protected activities and do not satisfy the statute's requirements.

32. It is clearly established that an individual cannot be arrested for lawful verbal protest, questioning police conduct, or passively asserting constitutional rights, as confirmed in *Duran v. City of Douglas*, 904 F.2d 1372 (9th Cir. 1990), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

33. Plaintiff verbally questioned Defendants about the nature of the stop and asked whether he was being detained. At no point did Plaintiff physically resist, delay, or obstruct officers. These verbal statements are constitutionally protected conduct and do not amount to probable cause for

arrest under Penal Code §148(a)(1). Defendants nevertheless escalated the encounter and arrested Plaintiff in retaliation for asserting his constitutional rights. Such conduct did not constitute probable cause or lawful grounds for arrest.

34. Plaintiff was arrested and handcuffed prior to any clear identification of criminal conduct, without further investigation or an opportunity to explain the circumstances. All charges were later dismissed in the interest of justice, confirming the arrest lacked legal merit and was unsupported by evidence.

35. The unlawful arrest caused Plaintiff to suffer physical harm, reputational damage, emotional distress, loss of liberty, and financial loss.

36. Defendants' actions were willful, malicious, oppressive, and done with conscious disregard of Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1983. No objectively reasonable officer could have believed that Plaintiff's conduct justified arrest under clearly established law, removing any entitlement to qualified immunity. Defendants' decision to arrest Plaintiff was retaliatory and intended to chill his exercise of First and Fourth Amendment rights.

### THIRD CAUSE OF ACTION
**(Civil Rights Action (42 U.S.C.§1983) False Imprisonment against Defendants: Nguyen, Gates and DOES 1-10 Inclusive)**

37. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

38. Defendants, acting under color of law, intentionally confined and restrained Plaintiff without legal justification, probable cause, or a valid warrant, depriving him of his liberty in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

39. Plaintiff was handcuffed, placed in the back of a police vehicle, and transported to jail, where he remained detained until his release, without judicial review or legal justification. Plaintiff was confined for several hours without access to counsel or a hearing. At no point was Plaintiff advised of a legitimate reason for his arrest. Plaintiff's continued detention was the direct result of an unlawful arrest lacking any factual or legal basis.

40. Defendants made no effort to reassess the basis for continued detention after Plaintiff was taken into custody. Their failure to investigate, seek judicial review, or promptly release Plaintiff further prolonged his confinement in violation of clearly established constitutional rights.

41. As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, humiliation, reputational harm, and financial losses, including legal fees and missed work.

42. Defendants' conduct was intentional, willful, and carried out with deliberate indifference to Plaintiff's rights, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1983. No reasonably competent officer could have believed that Plaintiff's confinement was lawful under the circumstances, defeating any claim of qualified immunity. It is clearly established that detention resulting from an arrest made without probable cause constitutes unlawful confinement under the Fourth Amendment. See *Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992).

//

## FOURTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C.§1983) Malicious Prosecution against Defendants: Nguyen, Gates and DOES 1-10 Inclusive)**

43. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

44. Defendants, acting under color of law, maliciously prosecuted Plaintiff by initiating and continuing criminal proceedings without probable cause and with malice, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is clearly established that initiating or continuing criminal proceedings without probable cause and with malice violates the Fourth Amendment. See *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc).

45. Defendants caused Plaintiff to be charged with violating California Penal Code §148(a)(1), knowing there was no reasonable basis to support the charge. Plaintiff's conduct did not constitute obstruction, resistance, or delay of a lawful duty.

46. Defendants acted with malice and an improper purpose, including retaliating against Plaintiff for asserting his constitutional rights and attempting to justify an unlawful stop, arrest, and use of force. This retaliatory purpose was motivated by Plaintiff's protected verbal expression, criticism of police conduct, and lawful assertion of constitutional rights.

47. As a direct and proximate result of the malicious prosecution, Plaintiff suffered reputational harm, emotional distress, fear, humiliation, and financial loss, including legal fees and lost income.

48. Defendants' conduct was willful, wanton, and carried out with deliberate indifference to Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress against Defendants: Nguyen, Gates and DOES 1-10 Inclusive)**

49. PLAINTIFF alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

50. By engaging in the acts alleged herein, Defendants NGUYEN and GATES engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing to suffer emotional distress.

51. As a direct, proximate and foreseeable result, PLAINTIFF suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by PLAINTIFF.

52. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

### SIXTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) Against Defendant: CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, their agents, servants and employees and DOES 1-10 Inclusive For Failure to Properly Screen and Hire)**

53. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

54. At all relevant times, Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT had a duty to adequately screen, hire, and employ police officers who would uphold the Constitution and the laws of the United States.

55. Defendant CITY and its police department failed to properly screen or investigate the backgrounds, disciplinary history, or behavioral patterns of Defendants NGUYEN and GATES prior to hiring and retaining them as police officers, despite indications of risk to the public.

56. On information and belief, other complaints or incidents involving excessive force, false arrests, or civil rights violations by Defendants NGUYEN and GATES were known to the CITY or should have been discovered through reasonable screening.

57. The failure to adequately screen and hire competent and constitutionally compliant officers was a proximate cause of the unlawful stop, excessive force, arrest, and prosecution of Plaintiff.

58. The City's policy, custom, or practice of hiring or retaining officers with a known or obvious risk of engaging in unconstitutional conduct demonstrates deliberate indifference to the rights of individuals like Plaintiff.

59. As a direct and proximate result of this failure to screen and hire, Plaintiff suffered the injuries and violations set forth above.

60. Defendants' actions and omissions were a moving force behind the constitutional violations alleged herein, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1983.S.C. § 1983.

## SEVENTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) For Failure to Supervise and Discipline Against Defendant: CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, their agents, servants and employees and DOES 1-10 Inclusive)**

61. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

62. At all relevant times, Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT had a constitutional duty to ensure proper supervision of their officers under the Fourth and Fourteenth Amendments. This duty includes taking corrective action when officers are known to engage in unconstitutional conduct, as well as ensuring effective systems of oversight and discipline.

63. Despite being aware of prior complaints, investigations, or documented incidents involving excessive force, unlawful detentions, or civil rights violations by Defendants NGUYEN and GATES, the CITY and ELK GROVE POLICE DEPARTMENT failed to take corrective action, and the officers were not properly supervised or disciplined.

64. Defendants NGUYEN and GATES were not properly supervised, and the failure to adequately monitor or discipline them contributed to the unlawful actions they took against Plaintiff. The failure to supervise was particularly egregious given the known risks posed by Defendants' prior actions, which could have been addressed through proper oversight or corrective action.

65. The failure of the CITY and ELK GROVE POLICE DEPARTMENT to properly supervise and discipline Defendants NGUYEN and GATES directly resulted in their unlawful

actions, including the excessive use of force and unlawful detention of Plaintiff, which violated his Fourth and Fourteenth Amendment rights.

66. The CITY's custom and practice of failing to supervise, discipline, or intervene in officers' misconduct creates a systemic failure that facilitates or tacitly approves unconstitutional conduct, including unlawful detentions and excessive force.

67. As a direct and proximate result of Defendants' failure to supervise and discipline, Plaintiff was subjected to unlawful detention, excessive force, and malicious prosecution, resulting in emotional distress, physical injury, reputational harm, loss of liberty, and financial harm.

68. Defendants' actions were intentional, reckless, and carried out with deliberate indifference to Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

## EIGHTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) For Failure to Properly Train Against Defendant: CITY OF ELK GROVE, their agents, servants and employees and DOES 1-10 Inclusive)**

69. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

70. The CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT had a constitutional duty to ensure that officers were adequately trained in the proper use of force, de-escalation techniques, and adherence to constitutional limits on police authority. However, the CITY failed to create and implement an effective training program that would address these critical issues, despite known risks and prior misconduct by officers.

71. The CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT failed to provide adequate training on critical areas such as de-escalation, use of force, and understanding the constitutional limits on police power. Specifically, Defendants NGUYEN and GATES were not properly trained in how to lawfully conduct traffic stops, engage with citizens without excessive force, or understand the legal thresholds for arrest and detention.

72. The lack of training in these areas was particularly egregious given the known pattern of misconduct by Defendants NGUYEN and GATES, including prior complaints about excessive force and unlawful detentions. This history should have triggered a review of training practices and corrective action to prevent further violations.

73. The CITY and ELK GROVE POLICE DEPARTMENT's failure to provide adequate training led to Defendants NGUYEN and GATES engaging in the unconstitutional conduct against Plaintiff, including unlawful detention, excessive force, and malicious prosecution.

74. The failure to properly train Defendants NGUYEN and GATES, despite the known risks posed by their prior conduct, reflects the City's deliberate indifference to the rights of citizens and its failure to take corrective action, despite knowing the officers posed a serious risk of engaging in unconstitutional conduct.

75. The CITY and ELK GROVE POLICE DEPARTMENT's failure to provide adequate training reflects a custom, practice, or policy that facilitated or condoned the unlawful conduct of officers like NGUYEN and GATES.

76. As a direct and proximate result of Defendants' failure to properly train, Plaintiff suffered unlawful detention, excessive force, emotional distress, loss of liberty, and financial losses.

77. Defendants' actions were intentional, reckless, and carried out with deliberate indifference to Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

### NINTH CAUSE OF ACTION
**(California Civil Rights Violation (Section 52.1) against all defendants)**

78. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully set forth herein.

79. California Civil Code § 52.1 (the Bane Act) prohibits any person from interfering by threat, intimidation, or coercion with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or California.

80. Defendants, acting in concert and under color of law, interfered with Plaintiff's exercise and enjoyment of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 1, 7, and 13 of the California Constitution.

81. Defendants interfered with Plaintiff's rights by means of intimidation, threats, and coercion, including but not limited to initiating an unlawful stop, escalating to physical force without justification, using violence during the arrest, and causing Plaintiff to be prosecuted without probable cause.

82. Plaintiff was engaged in constitutionally protected conduct, including asking questions, recording the officers, and verbally asserting his rights. The rights interfered with included Plaintiff's right to question officers, to remain free from unlawful seizure, and to be free from excessive force and retaliatory prosecution. Defendants' reaction—physical force, arrest, and prosecution—was in retaliation for Plaintiff's exercise of these rights and was not justified by any lawful necessity.

83. The acts of force and intimidation were not only excessive but were applied for the purpose of chilling Plaintiff's exercise of his constitutional rights. At no time did Plaintiff pose a threat, resist, or act in a manner justifying physical force or arrest, rendering Defendants' conduct

unnecessary and excessive under the circumstances. Defendants knowingly and intentionally engaged in conduct they knew would interfere with Plaintiff's constitutional rights, and did so with the purpose of deterring or punishing protected conduct.

84. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, loss of liberty, and other damages as previously alleged.

85. Plaintiff seeks all available remedies under California Civil Code §§ 52 and 52.1, including compensatory damages, statutory damages, civil penalties, injunctive relief, attorney's fees, and punitive damages. It is well established that a retaliatory use of force or arrest in response to an individual asserting their rights may constitute a violation of the Bane Act. See Cornell v. City and County of San Francisco, 17 Cal.App.5th 766, 800 (2017); see also Venegas v. County of Los Angeles, 32 Cal.4th 820 (2004); Reyes v. City of Santa Ana, 832 F. App'x 487 (9th Cir. 2020).

86. As a direct and proximate result of Defendants' unconstitutional policies and practices, Plaintiff suffered unlawful arrest, emotional distress, reputational harm, financial losses, and other damages.

87. Plaintiff is entitled to compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

//
//
//
//
//
//
//
//
//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for a judgment as follows:

1. Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to unlawful arrest and incarceration without probable cause.

2. Entering judgment for compensatory general and special damages in an amount in accordance with proof.

3. Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

4. Awarding reasonable attorney's fees, expenses, and costs of suit.

5. Granting such other and further relief as the Court deems proper.

DATED: April 8, 2025                    **BARIC LAW, P.C.**

By: _____
    Steven D. Baric, Esq.
    Attorneys for Plaintiff
    JAMES BARBER

**DEMAND FOR JURY TRIAL**

Plaintiff JAMES BARBER demands a jury trial.

DATED: April 8, 2025                    **BARIC LAW, P.C.**

By: _____
Steven D. Baric, Esq.
Attorneys for Plaintiff
JAMES BARBER