**BARICA LAW, P.C.**
STEVEN D. BARIC (SBN 200066)
3636 Birch Street, Suite 270
Newport Beach, CA 92660
Tel:    (833) 4627-2022
sbaric@bariclaw.com
info@bariclaw.com

Attorneys for Plaintiff,
JAMES BARBER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARBER, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF ELK GROVE, a California governmental entity; ELK GROVE POLICE DEPARTMENT, a California governmental entity; CODY NGUYEN; BRYAN GATES; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO.:  2:24-CV-01913-TLN-AC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Plaintiff JAMES BARBER respectfully submits this Opposition to Defendants' Motion to Dismiss his First Amended Complaint (ECF No. 11). For the reasons set forth below, Defendants' Motion must be denied in its entirety.

**PRELIMINARY STATEMENT**

Defendants' Motion to Dismiss seeks to improperly resolve factual disputes and misconstrue well-established law under Rule 12(b)(6). They rely on a selective reading of judicially noticeable records and assume facts contrary to those alleged in the complaint. Plaintiff's First

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Amended Complaint ("FAC") contains detailed, plausible allegations establishing the lack of probable cause for the stop and arrest, malicious prosecution, and municipal liability under *Monell*. Furthermore, the *Heck* bar is inapplicable where the claims do not necessarily imply the invalidity of Plaintiff's underlying conviction. The motion should be denied.

## I. INTRODUCTION

Plaintiff JAMES BARBER brings this action under 42 U.S.C. § 1983 and related California statutes, challenging a July 28, 2023, traffic stop and subsequent arrest that were allegedly unsupported by probable cause and carried out with coercion and unlawful force. Plaintiff alleges that he was targeted without reasonable suspicion, arrested based on unobservable or fabricated violations, and prosecuted under conditions demonstrating municipal policy failures. Defendants' motion wrongly asserts that the FAC fails to state a claim and that Plaintiff's subsequent nolo contendere plea bars this suit. But under the liberal pleading standard of Rule 8 and controlling Ninth Circuit authority, Plaintiff's claims are properly pled.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be denied if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A dismissal for failure to state a claim is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

# III. ARGUMENT

**A. <u>Plaintiff's Claims for Unlawful Stop and False Arrest Are Grounded in Specific, Plausible Factual Allegations As Alleged In The Complaint And Therefore Defendants Motion As to Counts 1 Thru 4 Should Be Denied.</u>**

The First Amended Complaint alleges that at the time of the stop, Plaintiff had not yet passed in front of Defendants' patrol vehicle. The officers were traveling behind him and therefore could not have observed whether his vehicle lacked a front license plate. (FAC ¶¶ 21–22.) Despite this, the officers abruptly made a U-turn and initiated a stop, allegedly without any visible Vehicle Code violation. These allegations as alleged in the complaint, taken as true, directly undermine Defendants' claim that the stop was supported by probable cause and require denial of the motion at the pleading stage.

As the Ninth Circuit has made clear, "[a] determination of probable cause is generally inappropriate at the motion to dismiss stage where the complaint alleges facts suggesting the arrest lacked a legal basis." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Here, Plaintiff does more than allege a lack of probable cause, he sets forth a coherent factual narrative in which officers could not have observed the purported violation before initiating the stop. This goes well beyond conclusory pleading.

Moreover, it is facially implausible that the officers could have simply intuited or guessed that Plaintiff lacked a front plate, especially in light of allegations that the stop was retaliatory and pretextual. As the Ninth Circuit has also held, "[a]n officer's mistaken belief that a violation occurred does not create probable cause where the facts do not support such a conclusion." *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000).

These are not vague or speculative assertions. They are specific, material facts which, if proven, establish that Plaintiff was stopped and arrested without legal justification—thus supporting his claims under the Fourth Amendment and 42 U.S.C. § 1983.

**B. Plaintiff's Claims 1 Thru 4 Are Not Barred by Doctrine Outlined in *Heck v. Humphrey.***

Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars all of Plaintiff's claims because he entered a **nolo contendere** plea to a single charge of driving on a suspended license under California Vehicle Code § 14601.1(a). This is a fundamental misapplication of *Heck* and a misstatement of California law. Initially, the fact of the Plaintiff's plea is not alleged in the complaint and therefore should not be considered at this stage of the litigation.

The Ninth Circuit has consistently held that a Section 1983 claim is barred under *Heck* only if success on that claim would "necessarily imply the invalidity of the conviction or sentence." *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042–43 (9th Cir. 2012). Here, Plaintiff's claims, including for unlawful stop, excessive force, and malicious prosecution, **do not challenge the validity of the conviction itself**. Rather, they concern the conduct of law enforcement officers before any charge was adjudicated and are therefore **factually and legally distinct** from the offense to which Plaintiff later pleaded.

In *Hooper v. County of San Diego*, 629 F.3d 1127, 1133–34 (9th Cir. 2011), the court expressly held that *Heck* does not bar Section 1983 claims that rest on a "factual basis that is separable from the offense for which the plaintiff was convicted." That principle applies squarely here: Plaintiff's allegations of a pretextual stop and retaliatory conduct, as well as coercive use of authority, do not depend on negating the existence of a suspended license—they challenge the legality of the initial seizure and arrest, regardless of its eventual outcome.

Moreover, Defendants ignore the settled rule that **a plea of nolo contendere under California law is not an admission of guilt for civil purposes**. See *Tejada v. County of Los*

*Angeles*, 2021 U.S. Dist. LEXIS 100010, at *15 (C.D. Cal. May 25, 2021)*. A nolo plea may result in a conviction for criminal sentencing purposes, but it cannot be used as an admission of wrongdoing in a subsequent civil action. As such, the conviction resulting from Plaintiff's plea does not establish probable cause as a matter of law, nor does it foreclose the claims asserted here.

Accordingly, *Heck* does not bar Plaintiff's claims. The motion to dismiss on that ground must be denied.

### C. The Malicious Prosecution Claim Is Plausibly and Sufficiently Pled And Therefore Defendants Motion As to Count 4 Should be Denied.

Plaintiff alleges that Defendants caused criminal charges to be initiated against him without probable cause and through improper means, including fabrication of facts and omission of exculpatory evidence. (FAC ¶¶ 40–45.) These allegations satisfy the pleading standard for a malicious prosecution claim under both federal and California law.

In *Awabdy v. City of Adelanto*, the Ninth Circuit held that although prosecutors are presumed to exercise independent judgment, that presumption is rebuttable. Specifically: "The presumption of prosecutorial independence does not bar liability where officers knowingly provided misinformation to prosecutors, withheld exculpatory evidence, or engaged in other bad-faith conduct that was actively instrumental in causing the initiation of legal proceedings."
— *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004)

Here, Plaintiff alleges that the arresting officers:

1. Initiated a stop without legal justification;

2. Fabricated the stated basis for arrest; and

3. Omitted material information necessary for a neutral charging decision.

These actions, if proven, directly rebut any presumption of prosecutorial independence. Whether the District Attorney relied on false or incomplete information from the officers is a **factual question** that cannot be resolved on a Rule 12(b)(6) motion. See *Smiddy v. Varney*, 803 F.2d 1469, 1472 (9th Cir. 1986) ("A rebuttable presumption of independent judgment exists, but it may be overcome by evidence of pressure or misrepresentation by police.").

Moreover, Plaintiff has pled malice and lack of probable cause, core elements of a malicious prosecution claim, by alleging that officers targeted him without legal justification and pursued charges despite knowing he had not violated the law. These allegations, accepted as true at this stage, state a viable claim under 42 U.S.C. § 1983 and California law.

Dismissal of the malicious prosecution claim would be premature and legally improper.

### D. Plaintiff's Monell Claims Are Properly Alleged and Supported by Specific Factual Content.

Plaintiff alleges that the City of Elk Grove maintained policies, practices, or customs of failing to properly train, supervise, investigate, or discipline officers who engage in unlawful detentions, pretextual stops, and racially discriminatory policing. (FAC ¶¶ 70–84.) These allegations are not boilerplate, they articulate an institutional failure that foreseeably led to the constitutional violations suffered by Plaintiff.

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipal liability attaches where a policy or custom is the "moving force" behind a constitutional injury. To satisfy this standard at the pleading stage, a plaintiff need only allege facts that make it plausible that such a policy exists and that it caused the violation at issue. As the Ninth Circuit explained in *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012):

"To survive a motion to dismiss, a Monell claim must include some factual allegations that plausibly suggest the existence of a policy, custom, or failure to train that was the moving force behind the constitutional violation."

Plaintiff alleges, for example, that the City has tolerated and failed to correct a pattern of racially disparate traffic stops and arrests by its officers; that it has not adequately trained officers on lawful investigative detention standards; and that it has ignored or failed to act upon prior instances of similar misconduct. These facts, if true, give rise to municipal liability for deliberate indifference.

Moreover, discovery will likely yield additional supporting evidence—such as training protocols, complaint records, disciplinary history, and statistical disparities—further substantiating the Monell claim. Courts routinely recognize that municipal policies are rarely memorialized in formal directives and may be inferred from repeated misconduct left unaddressed.

At this stage, where the Court must accept all well-pleaded facts as true, dismissal of the Monell claim would be both premature and improper.

### E. **Plaintiff's Bane Act Claim Is Sufficiently Alleged and Properly Asserted Against the City.**

Plaintiff alleges that Defendants, acting under color of law, used threats, coercion, and unlawful force to interfere with his exercise and enjoyment of constitutional rights, including those protected by the Fourth and Fourteenth Amendments. (FAC ¶¶ 85–91.) These allegations state a viable claim under the **Tom Bane Civil Rights Act**, California Civil Code § 52.1.

Contrary to Defendants' implied position, the Bane Act does not require a showing that threats or intimidation were the exclusive cause of the constitutional violation. Rather, **coercive conduct used in conjunction with a violation of rights is sufficient**. As the California Court of Appeal held in *Cornell v. City & County of San Francisco*:

"The Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be entirely independent from the constitutional violation alleged. Coercive conduct in the course of violating a right is sufficient to establish liability."

- *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 799 (2017)

Here, Plaintiff alleges not only that officers lacked probable cause to detain or arrest him, but also that their conduct involved intimidation, fabrication of charges, and misuse of authority designed to suppress his lawful resistance and constitutional protections. These allegations, taken as true, describe precisely the type of coercive state action the Bane Act was enacted to deter.

Further, municipal liability under the Bane Act is available when a city's official policies, customs, or deliberate indifference allow or facilitate such violations. Plaintiff's Monell allegations, incorporated by reference, support this claim against the City of Elk Grove. At minimum, Plaintiff has pled facts that plausibly suggest the City's failure to supervise or discipline officers enabled the coercive tactics used against him.

Accordingly, Plaintiff's Bane Act claim is properly alleged and should proceed.

**F. Defendant's Arguments Rely on Factual Assumptions Outside the Complaint**

Defendants attempt to rebut the well-pleaded allegations in the First Amended Complaint by attaching exhibits to a declaration and requesting judicial notice of certain court records, including minute orders and charging documents. While courts may take judicial notice of the **existence** of public records, they **may not accept the truth of disputed facts** contained within those records for the purpose of ruling on a motion to dismiss. See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable.").

Here, Defendants cite state court filings and summary documents to suggest that Plaintiff's arrest and prosecution were justified. However, Plaintiff specifically **disputes the accuracy,**

**context, and conclusions** drawn from those records. He alleges that the arresting officers lacked probable cause, fabricated the basis for the stop, and failed to disclose material facts to the prosecutor—factual disputes that cannot be resolved by reference to unilateral excerpts from the criminal docket.

The Ninth Circuit has made clear that judicial notice cannot be used as a "backdoor" for a defendant to introduce contested facts into a Rule 12(b)(6) motion. See *Khoja*, 899 F.3d at 1003 ("[The] incorporation-by-reference doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim."). The Court must accept Plaintiff's allegations as true and cannot weigh or resolve factual disputes at the pleading stage.

Accordingly, to the extent Defendants' motion relies on extrinsic materials to contradict Plaintiff's allegations, it must be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **deny Defendants' Motion to Dismiss in its entirety**. The First Amended Complaint sets forth specific, plausible allegations supporting each cause of action under federal and state law. At this early stage, dismissal would be both procedurally improper and legally unfounded.

In the alternative, to the extent the Court identifies any deficiency in the pleadings, Plaintiff respectfully requests **leave to amend** pursuant to Federal Rule of Civil Procedure 15(a)(2). Leave to amend should be "freely given when justice so requires," and no undue delay, bad faith, or prejudice would result from permitting amendment here.

//

//

//

Plaintiff stands ready to amend in good faith to cure any pleading defect and respectfully urges the Court to allow this matter to proceed on the merits.

DATED: May 21, 2025               **BARIC LAW, P.C.**

By: _____
Steven D. Baric, Esq.
Attorneys for Plaintiff
JAMES BARBER