UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES BARBER, an individual,

      Plaintiff,

      v.

CITY OF ELK GROVE, a California governmental entity; ELK GROVE POLICE DEPARTMENT, a California governmental entity; CODY NGUYEN; BRYAN GATES; and DOES 1 through 10, inclusive,

      Defendants.

No. 2:24-cv-01913-TLN-AC

**ORDER**

      This matter is before the Court on Defendants City of Elk Grove ("the City"), Elk Grove Police Department ("Police Department"), Cody Nguyen ("Nguyen"), and Bryan Gates's ("Gates") (collectively, "Defendants") Motion to Dismiss. (ECF No. 11.) Plaintiff James Barber ("Plaintiff") opposed the motion. (ECF No. 13.) Defendants replied. (ECF No. 15.) For the reasons set forth below, Defendants' motion is DENIED in part and GRANTED in part.

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of an alleged altercation between Plaintiff, Nguyen, and Gates during a traffic stop. (*See* ECF No. 10.)  The Court need not recite background facts in full here, as they are set forth in full in the Court's March 11, 2025 Order granting in part and denying in part Defendants' prior motion to dismiss. (*See* ECF No. 9.)  On April 8, 2025, Plaintiff filed his First Amended Complaint ("FAC"), which sets forth new allegations.  (ECF No. 10.)  Namely, at the time of the stop, Plaintiff allegedly had not yet passed in front of Defendants' patrol vehicle and from their vantage point behind him, Defendants could not have observed any lack of a front license plate. (*Id.* at 5.)  Plaintiff alleges he had just exited the McDonald's parking lot when Nguyen made a sudden U-turn and pursued Plaintiff without any observed traffic violation. (*Id.*)  Plaintiff further alleges the time between his exit of the parking lot and the stop was less than thirty seconds, and he had not committed any traffic violation observable from behind. (*Id.*)  Finally, Plaintiff alleges he was traveling within the speed limits and using proper signals and there was no objective evidence to justify a stop at the moment it occurred.  (*Id.*)

The FAC alleges the following claims: (1) unlawful stop and detention in violation of 42 U.S.C. § 1983 against Nguyen and Gates; (2) arrest without probable cause in violation of 42 U.S.C. § 1983 against Nguyen and Gates; (3) false imprisonment in violation of 42 U.S.C. § 1983 against Nguyen and Gates; (4) malicious prosecution in violation of 42 U.S.C. § 1983 against Nguyen and Gates; (5) intentional infliction of emotional distress against Nguyen and Gates; (6) failure to properly screen and hire against the City and Police Department; (7) failure to supervise and discipline against the City and Police Department; (8) failure to properly train against the City; and (9) violation of California Civil Code § 52.1 (the "Bane Act") against all Defendants. (*See* ECF No. 10.)  On April 29, 2025, Defendants filed the instant motion to dismiss.  (ECF No. 11.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

Defendants move to dismiss Claims One through Four and Six through Nine. (ECF No. 11-1 at 3–10.) The Court will address each argument in turn.

///

///

4

A.        Claims One through Four

Defendants argue Plaintiff's first through fourth claims should be dismissed for failure to state a claim.  (ECF No. 11-1 at 4–5.)  In the alternative, Defendants argue these claims are barred under the *Heck* doctrine and the fourth claim should be dismissed because the proceedings were not terminated in Plaintiff's favor.[1]  (*Id.* at 6–7.)  The Court will consider these arguments in turn.

i.        *Failure to State a Claim*

Defendants argue Plaintiff's claims for unlawful stop and detention (Claim One), false arrest (Claim Two), false imprisonment (Claim Three), and malicious prosecution (Claim Four) hinge on the absence of probable cause for Plaintiff's detention and arrest on July 28, 2023.  (ECF No. 11-1 at 4.)  Defendants contend these claims should be dismissed because the FAC still establishes the officers had reasonable suspicion and probable cause because it alleges Plaintiff was driving without a front license plate, which is an admitted violation of California Vehicle Code § 5200(a).  (*Id.*)

In opposition, Plaintiff asserts the FAC alleges at the time of the stop, Plaintiff had not yet passed in front of Defendants' patrol vehicle, as the officers were traveling behind him and therefore could not have observed whether his vehicle lacked a front license plate.  (ECF No. 13 at 3 (citing ECF No. 10 ¶¶ 21–22).)  Plaintiff maintains these allegations, taken as true, directly undermine Defendant' claim the stop was supported by probable cause.  (*Id.*)

In reply, Defendants argue Plaintiff advances an implausible theory that officers pulled him over without knowing he was missing a front license plate and then somehow correctly guessed he was missing a front license plate when they decided to make up a pretextual excuse for the stop.  (ECF No. 15 at 2.)  Defendants maintain Plaintiff's insistence that officers never saw the front of Plaintiff's vehicle but made a U-turn to initiate the stop is also confounding.  (*Id.*)

Indeed, claims for unlawful stop and detention require there was no reasonable suspicion. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) ("[A]n investigatory

---

[1]    Because the Court grants Defendants' motion to dismiss Plaintiff's fourth claim on the basis that the proceedings were not terminated in Plaintiff's favor, the Court declines to address Defendants' alternative argument that they are insulated by the presumption of prosecutorial independence. (ECF No. 11-1 at 6–7.)

stop by the police may be made only if the officer in question has a reasonable suspicion supported by articulable facts that criminal activity may be afoot[.]" (internal quotations and citation omitted)); *United States v. Bravo*, 295 F.3d 1002, 1009 (9th Cir. 2002) ("At issue here is whether a 'detention,' which does *not* require probable cause, evolved into an 'arrest,' which *must* be supported by probable cause." (emphasis in original)).  The reasonable suspicion standard "is a less demanding standard than probable cause," and only requires "a minimal level of objective justification." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 (2000); *see also Gallegos*, 308 F.3d at 990 (holding the same); *Hayes v. Florida*, 470 U.S. 811, 816 (1985) ("[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information").  A court must consider the totality of the circumstances when determining whether reasonable suspicion exists.  *See United States v. Drake*, 543 F.3d 1080, 1088 (9th Cir. 2008); *United States v. Osborn*, 203 F.3d 1176, 1181 (9th Cir. 2000).

Here, with respect to the initial stop and detention, Plaintiff alleges at the time of the stop, he had not yet passed in front of Defendants' patrol vehicle.  (ECF No. 10 at 5.)  Plaintiff further alleges from Defendants' vantage point behind him, they could not have observed any lack of a license plate, and he had just exited the McDonald's parking lot when Nguyen made a sudden U-turn and pursued Plaintiff without any observed traffic violation.  (*Id.*)  The Court finds whether it is plausible that Defendants did not know his license plate was missing when they pulled him over to be a very close call.  Ultimately, however, drawing all inferences in Plaintiff's favor and accepting the alleged facts as true — despite any later comments by Nguyen — the Court finds Plaintiff sufficiently alleges Defendants had no reasonable suspicion to pull him over.  Accordingly, Defendants' motion to dismiss Claim One on this basis is DENIED.[2]

///

---

[2]     The Court declines to consider the parties' arguments on the adequacy of the allegations with respect to the fourth claim, as it dismisses this claim on a different basis set forth below.

6

Further, with respect to the false arrest and imprisonment claims, Defendants have not briefed the Court on whether Plaintiff can adequately state a claim if Plaintiff adequately alleges there was no reasonable suspicion for the initial stop and detention. Accordingly, Defendants' motion to dismiss Claims Two and Three on this basis is DENIED.

ii.      *Heck v. Humphrey*

Defendants argue Plaintiff's first, second, third, and fourth claims are barred under the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff was convicted of violating California Vehicle Code § 14601.1(a) by pleading nolo contendere.[3] (ECF No. 11-1 at 5–6.) In opposition, Plaintiff asserts these claims are not barred because they do not challenge the validity of the conviction itself, but rather the conduct of law enforcement officers before any charge was adjudicated.[4] (ECF No. 13 at 4.)

"A plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, or set aside or otherwise called into question." *Espinoza v. Cal. Highway Patrol*, No. 1:16-cv-00193-DAD-JLT, 2016 WL 4943960, at *5 (E.D. Cal. Sept. 16, 2016). The Supreme Court held in *Heck* that a "district court must consider whether a judgment in favor of the plaintiff would necessarily

---

[3]     Defendants request judicial notice of the Minute Order of Plaintiff's plea of nolo contendere to a violation of "VC 14601.1(A)" in case number 23MI011873. (ECF No. 1-3 at 2–3; ECF No. 11-2 at 12.) Plaintiff opposes and argues courts may take judicial notice of the existence of public records but not accept the truth of disputed facts contained within those records to rule on a motion to dismiss. (ECF No. 13 at 8–9.) In reply, Defendants argue the Court may take judicial notice of the fact of his plea, which is not disputed. (ECF No. 15 at 3.) In light of the Ninth Circuit's holding in *King v. Villegas*, 156 F.4th 979, 984 (9th Cir. 2025), discussed below, the Court declines to consider the fact of Plaintiff's plea with respect to Defendants' arguments about how *Heck* bars Claims One through Four. However, the Court GRANTS Defendants' request only for the purpose of addressing their argument that Claim Four should be dismissed because the proceedings were not terminated favorably to Plaintiff. For that purpose only, the Court will take judicial notice of the fact that Plaintiff entered a nolo contendere plea, but not take any judicial notice of any representations made during the plea hearing that might be subject to dispute.

[4]     Plaintiff also argues Defendants ignore a settled rule that a nolo contendere plea under California law is not an admission of guilt for civil purposes (ECF No. 13 at 4), but the Court could not find the case he cites for that proposition. Plaintiff's counsel is cautioned to use care in any future filings to ensure all citations are accurate.

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.  Nevertheless, a plaintiff may still bring a § 1983 claim alleging unconstitutional conduct that led up to an arrest if success on the claim would not "necessarily imply or demonstrate the invalidity of the earlier conviction or sentence." *Id.*; *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2011).  The *Heck* doctrine "bars § 1983 claims premised on arrest and detention without probable cause where that arrest and detention resulted in the plaintiff's conviction." *Espinoza*, 2016 WL 4943960, at *5 (citing *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996); *Garrett v. Ruiz*, No. 11cv2540 IEG (WVG), 2013 WL 1342850, at *7 (S.D. Cal. Apr. 3, 2013)).

However, the Ninth Circuit in *King v. Villegas*, 156 F.4th 979, 984 (9th Cir. 2025) established a categorial rule that Federal Rule of Evidence 410(a) "bars admission of a *nolo contendere* plea to show that a § 1983 plaintiff committed the crimes to which he pleaded *nolo contendere*."  The Ninth Circuit noted that its holding "is consistent with the established understanding of *nolo* pleas," as a *nolo plea* is "a special creature under the law . . . [and] first and foremost, not an admission of factual guilt." *Id.* at 985.

Here, application of *King* to the instant case means the Court cannot consider Plaintiff's *nolo contendere* plea to establish Defendants had probable cause for Plaintiff's arrest and imprisonment.  Therefore, "there is no plausible basis for a conclusion that [P]laintiff's original § 1983 . . . claim against [Defendants] is *Heck*-barred." *Thomas v. Stanislaus County*, at *2 (E.D. Cal. Jan. 6, 2026) (citing *Warden v. B. Cowan, et al.*, No. 2:19-cv-00431-TLN-AC, 2025 WL 3563222, at *8 (E.D. Cal. Dec. 12, 2025)).  Accordingly, Defendants' motion to dismiss Claims One through Four on the basis that the claims are barred by *Heck* is DENIED.

        *iii.*        *Termination of Proceedings in Plaintiff's Favor*

Defendants argue the fourth claim should be dismissed because the proceedings were not terminated favorably to Plaintiff.[5]  (ECF No. 11-1 at 6–8.)  In opposition, Plaintiff asserts

---

[5]  Defendants also argue they are insulated by the presumption of prosecutorial independence.  (ECF No. 11-1 at 7–8.)  Because the Court finds the proceedings were not

8

"Defendants caused criminal charges to be initiated against him without probable cause and through improper means, including fabrication of facts and omission of exculpatory evidence," which satisfy the pleading standard.  (ECF No. 13 at 5.)  In reply, Defendants maintain that because Plaintiff does not refute that he pleaded no contest to one of his charges, he admits one of the elements of malicious prosecution — termination of the proceedings favorable to plaintiff — is not present.  (ECF No. 15 at 4.)

The Ninth Circuit has clarified that federal courts "look to California law to determine the legal effect of the state court's action because [the Ninth Circuit has] incorporated the relevant elements of the common law tort of malicious prosecution into [its] analysis under § 1983." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).  The elements of a malicious prosecution claim are: (1) a lawsuit "commenced by or at the direction of the defendant which was pursued to a legal termination in plaintiff's favor"; (2) "the prior lawsuit was brought without probable cause"; and (3) "the prior lawsuit was initiated with malice." *Daniels v. Robbins*, 182 Cal. App. 4th 204, 216 (2010) (cleaned up).

Here, the Court ultimately agrees with Defendants.  A complaint was filed charging Plaintiff with a violation of California Penal Code § 148(a)(1) and California Vehicle Code § 14601.1(a) in Sacramento County Superior Court.[6]  Plaintiff ultimately pleaded nolo contendere to the California Vehicle Code § 14601.1(a) charge.  (ECF No. 11-2 at 12.)  A plea of nolo contendere to one of the charges in the complaint does not result in a legal termination in Plaintiff's favor.  *Awabdy*, 368 F.3d at 1066; *see also Cote v. Henderson*, 218 Cal. App. 3d 274, 803 (1990) ("[T]he favorable termination which is essential to the plaintiff in a malicious

terminated favorably to Plaintiff, the Court need not address this alternative argument.

[6]    Defendants request judicial notice of the misdemeanor complaint filed in case number 23MI011873 in Sacramento County Superior Court.  (ECF No. 11-3 at 2; ECF No. 11-2 at 16–17.)  As stated previously, Plaintiff opposes and argues that he disputes the facts in these documents.  (ECF No. 13 at 8–9.)  The Ninth Circuit has held that the proceedings and determinations of the courts are a matter of public record suitable for judicial notice.  *Emrich*, 846 F.2d at 1198.  The Court may therefore take judicial notice of the fact that the Sacramento District Attorney's office filed a complaint alleging Plaintiff violated of California Penal Code § 148(a)(1) and California Vehicle Code § 14601.1(a).  Accordingly, the Court GRANTS Defendants' request.

prosecution action [cannot] be based on the dismissal of criminal charges remaining after the defendant in a criminal proceeding has entered a plea of nolo contendere to one or more of the charges in the accusatory pleading pursuant to a plea bargain.").  Accordingly, Defendants' motion to dismiss Claim Four (malicious prosecution) is GRANTED without leave to amend.

> B.       Claims Six through Eight

Defendants contend Plaintiff fails to state a *Monell* claim for failure to properly screen and hire (Claim Six), failure to supervise and discipline (Claim Seven), and failure to properly train (Claim Eight) because he does not add any factual allegations in the FAC to cure the deficiencies identified in the Court's prior Order granting Defendants' motion to dismiss these claims.  (ECF No. 11-1 at 8–9.)  In opposition, Plaintiff asserts the allegations are not boilerplate but rather articulate an institutional failure that foreseeably led to Plaintiff's constitutional violations.  (ECF No. 13 at 6–7.)  In reply, Defendants note Plaintiff fails to identify any factual allegations in the FAC to support his *Monell* claims, demonstrating the FAC contains only insufficient conclusory allegations.  (ECF No. 15 at 5.)

A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent.  *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978).  However, a municipal entity can be liable in a § 1983 case premised on: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'"  *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Additionally, a *Monell* claim "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

///

10

Here, the Court agrees with Defendants that the FAC fails to add any factual allegations to cure the deficiencies the Court identified in its March 11, 2025 Order.  (*See* ECF No. 9 at 9–11.) Plaintiff's FAC alleges the City and Police Department had a duty to adequately screen and hire, supervise and discipline, and train its officers, the City and Police Department failed to screen and hire, supervise and discipline, and train its officers, and this failure was intentional, reckless, and carried out with deliberate indifference to Plaintiff's constitutional rights.  (*See* ECF No. 10 ¶¶ 53–77.)  Yet again, Plaintiff fails to provide any factual support for these allegations.  (*See id.*) Conclusory *Monell* pleadings, without factual detail, are insufficient to survive a motion to dismiss.  *See AE ex rel. Hernandez*, 666 F.3d at 637 (holding to survive a motion to dismiss, a plaintiff must do more than allege a *Monell* defendant "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint).  Again, Plaintiff does not allege prior incidents of excessive force involving Nguyen, Gates, or other City employees, nor does he identify specific City policies or customs that caused the alleged harm.  (*See* ECF No. 10.)  Plaintiff also does not allege a single incident was "so patently obvious" the City could be liable "without proof of a pre-existing pattern of violations."  *Connick*, 563 U.S. at 64.  As such, the FAC fails to state a sufficient basis for *Monell* claims for failure to screen and hire, supervise and discipline, or train.

Because Plaintiff failed to correct the deficiencies identified in this Court's prior Order Defendants' motion to dismiss Claims Six through Eight is GRANTED without leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) ("[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint[.]" (internal quotation omitted)).

### C.    Claim Nine

Defendants argue Plaintiff's Bane Act claim fails to plead a statutory basis for direct liability against the City.  (ECF No. 11-1 at 9–10.)  In opposition, Plaintiff does not directly address Defendants' argument and instead asserts the Bane Act claim is adequately pleaded. (ECF No. 13 at 7–8.)  In reply, Defendants argue Plaintiff's opposition ignores the Court's ruling

/////

11

that a Bane Act claim cannot be directly pleaded against the City and must be dismissed if he does not plead a statutory basis.  (ECF No. 15 at 6.)

The California Government Claims Act provides: "Except as otherwise provided by statute[,] [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Cal. Gov. Code § 815.  "California courts have interpreted § 815 to require a specific statutory basis for either direct or indirect claims against a public entity."  *Johnson v. Sacramento County*, No. Civ. S-06-0169-RRB-GGH, 2007 WL 2391015, at *3 (E.D. Cal. Aug. 22, 2007) (internal citations omitted).  "As to vicarious liability, [§] 815.2(a) of the California Government Code 'expressly makes the doctrine of *respondeat superior* applicable to public employers.'"  *Mullins v. County of Fresno*, No. 1:21-cv-00405-AWI-SAB, 2021 WL 5304015, at *7 (E.D. Cal. Nov. 15, 2021) (citing *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998)).  Plaintiff "must plead the statutory basis for a claim against a government entity," and "[f]ailure to do so provides a ground for dismissal under Rule 12(b)(6)."  *Id.* (citing cases).

Here, the Court held in its March 11, 2025 Order that the Bane Act does not provide a statutory basis for holding public entities, such as the City, directly liable.  (ECF No. 9 at 15.)  The Court granted leave to amend since Plaintiff could have amended to allege vicarious liability for Nguyen and Gates's conduct.  Ultimately, however, Plaintiff fails in his FAC to set forth a statutory basis to hold the City liable and similarly fails to set forth any basis to allege vicarious liability for Nguyen and Gates's conduct.  (*See* ECF No. 10.)  The Court also refuses to consider Plaintiff's assertion that municipal liability under the Bane Act is available when a city's official policies, customs, or deliberate indifference allow or facilitate constitutional violations and Plaintiff's *Monell* allegations support this claim against the City.  (ECF No. 13 at 8.)  Plaintiff does not cite to any law for this assertion and therefore fails to substantively develop this argument.

Because Plaintiff failed to correct the deficiencies identified in this Court's prior Order Defendants' motion to dismiss Claim Nine is GRANTED without leave to amend.  *See DCD Programs, Ltd.*, 833 F.2d at 186 n.3.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES in part and GRANTS in part Defendants' motion to dismiss (ECF No. 11) as follows:

1. Defendants' motion is DENIED as to Claims One through Three; and

2. Defendants' motion is GRANTED as to Claims Four and Six through Nine without leave to amend.

Defendants shall file an answer within twenty-one (21) days of the electronic filing date of this Order.

IT IS SO ORDERED.

Date:     February 4, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE